UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARLINTON RUIZ-SANCHEZ,

      Petitioner,

v.                                             Case No.:  2:26-cv-881-SPC-NPM

MARKWAYNE MULLIN *et al.*.

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are Arlinton Ruiz-Sanchez's Petition for Writ of Habeas Corpus (Doc. 1), the federal government's response (Doc. 4), and Ruiz-Sanchez's reply (Doc. 5).  For the below reasons, the Court grants the petition.

Ruiz-Sanchez is a native and citizen of Honduras who entered the United States on February 27, 2016.  U.S. Customs and Border Patrol apprehended him, issued a notice to appear, and released him.  Ruiz-Sanchez complied with the conditions of release, and he has no criminal record.  The Department of Homeland Security later moved to dismiss the removal proceeding as an act of prosecutorial discretion, and an immigration judge granted the motion on August 24, 2023.  Immigration and Customs Enforcement ("ICE") re-detained Ruiz-Sanchez on March 26, 2026.  He is currently detained at Alligator Alcatraz.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225. As the respondents acknowledge, the Court rejected these arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Ruiz-Sanchez's detention is not governed by § 1225(b)(2). But unlike the prior cases, Ruiz-Sanchez's detention is not covered by § 1226 either. § 1226 allows the government "to detain certain aliens already in the country pending the outcome of removal proceedings[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). An immigration judge dismissed the removal proceeding against Ruiz-Sanchez in 2023, at the government's request. No new removal proceedings have been commenced, and the respondents present no evidence that removal proceedings are forthcoming.

2

In short, Ruiz-Sanchez made a *prima facie* case that his detention lacks any legal justification, and the government fails to demonstrate a lawful basis for detention.

Accordingly, it is hereby

**ORDERED**:

Arlinton Ruiz-Sanchez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1.      The respondents shall release Ruiz-Sanchez from custody within 24 hours of this Order.  The respondents shall give Ruiz-Sanchez telephone access so he can arrange his transportation from the detention facility.

2.      The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

3